UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOEL BILLY,

                Petitioner,

– against –

SUPERINTENDENT ROBERT F. CUNNINGHAM,

                Respondent.

**MEMORANDUM, ORDER, AND JUDGMENT**

No. 13-CV-1179

**JACK B. WEINSTEIN, Senior United States District Judge:**

Petitioner is confined in a state prison following his conviction of assault in the first degree and criminal possession of a weapon in the second degree.

He argues that his conviction was constitutionally tainted because the trial court improperly rejected a peremptory challenge asserted by his counsel on the ground that it was impermissibly discriminatory on the basis of national origin in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). *See* Reply Mem. L. Further Supp. Pet'r.'s Pet. for Writ of Habeas Corpus, May 6, 2013, ECF No. 13, ("Pet'r Reply") at 11.

The peremptory challenge pertained to a juror of Eastern European origin who, petitioner's trial counsel argued, was unfit for the jury because "[the juror] was Eastern European," suggesting a lack of "willingness to comply with principles of due process." *See* Pet'r Reply at 5. The trial court rejected the challenge, finding it discriminatory.

1

New York law prohibits peremptorily striking a juror on the basis of national origin. *See* N.Y. Civil Rights Law § 13; *People v. Wells*, 7 N.Y.3d 51, 61 n.1 (2006). The distinction between peremptorily challenging a juror on the basis of the presumed "attitudes" of cohorts who immigrate to the United States from countries lacking our concept of due process protections, and peremptorily challenging a juror based on "national origin," is one without constitutional significance. Crediting petitioner's argument would support the arbitrary exclusion from jury service of large swaths of this federal district's population—one that consists of millions of citizens who have immigrated here from countries all over the world with different legal procedures than ours. *See* U.S. Census Bureau, 2011 Am. Cmty. Survey 1-Year Estimates for Cntys. in E.D.N.Y. (reporting that E.D.N.Y. population is 32.57 % foreign-born and 17.81 % naturalized citizens), *available at* http://factfinder2.census. gov /faces/tableservices/ jsf/pages/ productview .xhtml?pid=ACS_11_1YR_DP02&prodType= table (last visited May 31, 2013).

Once admitted to citizenship, a person—no matter what his or her origin—has all the rights of citizenship equal to those of any other citizen, including the right to serve as a juror. *See, e.g.*, *Powers v. Ohio*, 499 U.S. 400, 424 (1991) ("All qualified citizens have a civic right, of course, to serve as jurors. . . ."); *Thiel v. So. Pac. Co.*, 328 U.S. 217, 224 (1946) ("Jury service is a duty as well as a privilege of citizenship."); *id*. at 231 (Frankfurter, J., dissenting) ("[J]ury duty should be regarded as a patriotic service, and . . . all public-spirited persons should willingly sacrifice pecuniary rewards in the performance of an obligation of citizenship."). *See also* U.S. Citizenship and Immigration Services, Quick Civics Lessons for the Naturalization Test 12 (Revised Jan. 2013) (stating, in materials provided by federal government for individuals

studying for naturalization test, that "[t]wo responsibilities of U.S. citizens are to serve on a jury and vote in federal elections"), *available at*: http://www.uscis.gov/USCIS/Office%20of%20Citizenship/Citizenship%20Resource%20Center%20Site/Publications/PDFs/M-638_red.pdf (last visited May 31, 2013).

Given that the Supreme Court still has not decided the issue of whether discrimination based on national origin is unconstitutional in jury selection, *see United States v. Douglas*, 525 F.3d 225, 241 (2d Cir. 2008), the state court's ruling, under *Batson* and analogous state law, was not—and is not—contrary to Supreme Court precedent. *Cf. United States v. Biaggi*, 705 F.Supp. 867 (S.D.N.Y. 1988) (assessing propriety of peremptory challenges directed at those of Italian and Hispanic descent under *Batson*). The state court's adjudication did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). *Cf. Sorto v. Herbert*, 364 F. Supp. 2d 240, 242 (E.D.N.Y. 2004) (state court judge's rejection of national-origin *Batson* challenge not grounds for habeas relief because issue has not been decided by Supreme Court).

The petition is denied. A certificate of appealability is denied. There was no violation of petitioner's constitutional rights.

No costs or disbursements are awarded.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: June 3, 2013
       Brooklyn, New York